## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HAYRIYE BERIL GOK**<br><br>v.<br><br>**ROMAN CATHOLIC CHURCH, et al.** | **CIVIL ACTION**<br><br>**NO. 20-4817** |
| **HAYRIYE BERIL GOK**<br><br>v.<br><br>**POST & SCHELL, PC, et al.** | **CIVIL ACTION**<br><br>**NO. 20-4968** |

## MEMORANDUM RE:
## RULE 59 MOTIONS TO MODIFY JUDGMENT

**Baylson, J.**                                                                                          **July 20, 2021**

## I.    Introduction

The present two cases arise out of allegations of misconduct in Plaintiff's prior employment discrimination lawsuit in front of this Court: Doe v. Mercy Catholic Hospital Center, No. 15-2085 (E.D. Pa.) (the "Mercy litigation").  Plaintiff now alleges that dozens of entities and individuals named as defendants in these two cases were involved in fraudulent and unlawful actions to help her former employer, Mercy Catholic Hospital Center ("Mercy"), escape liability in the Mercy litigation.[1]  This Court previously dismissed with prejudice Plaintiff's federal law claims in the

---

[1] These cases name thirty defendants, collectively referred to as "Defendants."  As needed, the Court will refer to some subsections of Defendants by different names: "RCC Defendants" (all defendants in Gok v. Roman Catholic Church [No. 20-4968]), "P&S Defendants" (all defendants in Gok v. Post & Schell PC [No. 20-4817]), "Church Defendants" (entities associated with the Roman Catholic Church), "Gok's Counsel Defendants" (Plaintiff's former attorneys), "Mercy Counsel Defendants" (current and former counsel for Mercy), "Witness Defendants" (witnesses in the prior litigation), and "Rule 233.1 Defendants" (parties who moved for Rule 233.1 relief).  These groups overlap.  For a full breakdown of which defendants belong to each group, see Appendix A.

present lawsuits, and it declined to maintain supplemental jurisdiction over the remaining state law claims.

Defendants have now moved for this Court to modify its prior judgment, pursuant to Rule 59(e), and dismiss the state law claims with prejudice and prohibit Plaintiff from continuing her extensive pro se litigation against an increasing array of defendants, all of which stems from the now-dismissed matter of Mercy. Given Plaintiff's voluminous and improper pleadings, her refusal or inability to retain counsel, and her implausible and previously-litigated allegations, the Court will do so. The Court will DENY Plaintiff's Rule 59(e) motions to modify its prior order (as well as other outstanding motions from Plaintiff), GRANT Defendants' Rule 59(e) motions to modify its prior order by dismissing Plaintiff's state law claims with prejudice, ORDER Plaintiff to show cause why the Court should not enjoin her from pursuing related litigation against any Defendant, and ENJOIN Plaintiff from pursuing any pro se litigation against the Rule 233.1 Defendants.

## II.   **Procedural History**

### a.   Prior Litigation

In the Mercy litigation (No. 15-2085), Plaintiff (then proceeding under a Doe pseudonym) was a medical resident at Mercy, where she alleged that she faced sexual harassment and retaliation in violation of Title IX of the Education Amendments of 1972 and violations of state law, resulting in her termination.

In ruling on the motion to dismiss, this Court initially dismissed all of Plaintiff's claims. See Doe v. Mercy, 158 F. Supp. 3d 256 (E.D. Pa. 2016) (Baylson, J.). First, this Court dismissed Plaintiff's Title IX claims, finding that Title IX's applicability to "educational programs" did not cover Plaintiff's position as a medical resident employed by Mercy. In the alternative, it also dismissed Plaintiff's hostile work environment claim as time-barred. Without remaining federal

law claims, this Court declined to retain supplemental jurisdiction over Plaintiff's state law claims and dismissed them without prejudice.

On appeal, the Third Circuit affirmed-in-part and reversed-in-part the motion to dismiss opinion. See Doe v. Mercy, 850 F.3d 545 (3d Cir. 2017). The Third Circuit vacated this Court's dismissal of Plaintiff's federal law claims.[2] In doing so, it interpreted Title IX to conclude that "[w]hether a program or activity is sufficiently educational under Title IX is a mixed question of law and fact," id. at 556, and it was "plausible" that Mercy's residency program was "at least in part, educational under Title IX." Id. at 558. With the federal law claims surviving the motion to dismiss, the Third Circuit reversed dismissal of the state court claims, finding that this Court still had jurisdiction over them. Id. at 567.

On remand, the litigation proceeded through discovery, and the parties stipulated to dismissal without prejudice for Plaintiff's state law claims. Mercy moved for summary judgment, and Plaintiff opposed, relying in large part upon her own unsigned declaration. The declaration included her belief that Mercy had falsified her "service examination scores" to make Plaintiff appear lower-performing.

The Court granted Mercy's motion for summary judgment. Doe v. Mercy, No. 15-2085, 2019 WL 3243249 (E.D. Pa. July 17, 2019) (Baylson, J.). The Court held that neither of Plaintiff's remaining claims — federal claims for retaliation or sexual harassment, both under Title IX — could survive summary judgment. Id. at *15. In doing so, this Court did "not credit" Plaintiff's declaration to the extent it "contradict[ed] her deposition testimony, [was] otherwise belied by the

---

[2] The Third Circuit did not vacate the Court's dismissal of the hostile work environment claim; it affirmed the dismissal on statute of limitations grounds. Id. at 566.

evidentiary record, or [was] premised on hearsay or evidence about which Plaintiff could not have personal knowledge." Id. at *2 n.3.

Plaintiff appealed. Despite previously having representation throughout the entire litigation, Plaintiff's counsel withdrew, and Plaintiff represented herself pro se for this final appeal. Although the Third Circuit initially dismissed Plaintiff's appeal for failure to prosecute, it later affirmed this Court's grant of summary judgment on the merits for both counts. Doe v. Mercy, No. 19-2734, 2021 WL 1157190 (3d Cir. Mar. 25, 2021) (non-precedential). Id. at *4.

During her appeal, Plaintiff more expressly raised some of the claims that she echoed in the two present cases. The Third Circuit rejected those arguments:

> Doe also complains about "spoliation of evidence" and "fraud on the court" in her brief here, but those issues are also forfeited, as she did not properly raise them in the District Court. For the same reason, we cannot entertain her claims, raised for the first time in her reply brief: (1) that Mercy is engaging in "continuous retaliation," which is causing a "hostile work environment at Appellant's current employment," (2) vague claims that her "constitutional rights" and "civil rights" have been violated, and (3) claims of "criminal conspiracy," and violation of various statutory provisions prohibiting fraud, including health care fraud.

Id. at *6 (citations omitted and emphasis added).

b. Plaintiff's Early Filings in Present Cases

Following this Court's dismissal of Mercy, and while the second appeal was pending, Plaintiff initiated the present two litigations: Gok v. Roman Catholic Church, No. 20-4817 (E.D. Pa.) (the "RCC litigation") and Gok v. Post & Schell PC, No. 20-4968 (E.D. Pa.) (the "P&S litigation"). Both cases have extensive procedural history, largely due to Plaintiff's practice of continually filing voluminous and procedurally improper motions. The Court will, however, summarize the most relevant filings to the present opinion. The filings in these two cases follow largely similar paths; unless otherwise noted, the Court will cite the docket for the RCC litigation, No. 20-4968.

Plaintiff initiated these litigations pro se in Fall 2020.  ECF 1.  Broadly speaking, Plaintiff's RCC complaint alleged that Mercy and others conspired to falsify documents for the prior litigation and her P&S complaint alleged that the attorneys in Mercy (both plaintiff and defense counsel) committed legal malpractice through fraud on the court.  ECF 99.

Within only a few months, the two cases' dockets totaled approximately 150 entries, predominately resulting from Plaintiff filing procedurally improper or duplicative motions.  In December 2020, this Court struck the complaints without prejudice for failure to comply with the Federal Rules of Civil Procedure.  Id.  Simultaneously, this Court denied all outstanding motions without prejudice and recommended that Plaintiff retain counsel, noting the difficulty of litigating cases like this pro se.  Id.

Plaintiff filed her first amended complaint, ECF 104, which this Court also struck, ECF 108.  In striking the first amended complaint, this Court again reiterated the importance of following the Federal Rules of Civil Procedure and recommended retaining counsel.  Id.

Plaintiff then filed her second amended complaints, the now-operative complaints. ECF 109, see below, Section III (summarizing Plaintiff's allegations in the second amended complaints).  Plaintiff alleged a mixture of federal law claims and state law claims.  ECF 109.

In both cases, Defendants, either individually or as groups, filed motions to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(6).  See ECF 131 (summarizing motion to dismiss briefing).  Plaintiff opposed some, though not all, of these motions.  Id.  The Court ordered Defendants to file a reply brief in support of the motions but limited that reply brief "to Plaintiff's allegations based on federal law" without "discuss[ing] any of Plaintiff's allegations under state law."  Id.  Defendants did so.

c.  <u>Motion to Dismiss Opinion</u>

In April 2021, this Court dismissed Plaintiff's federal claims with prejudice in both the <u>RCC</u> and <u>P&S</u> litigations.  ECF 153 ("MTD Opinion"), also available at 2021 WL 1726650.  In the MTD Opinion, this Court noted that all of "Plaintiff's current claims stem from perceived wrongdoings throughout [the <u>Mercy</u> litigation]" and Plaintiff had "'improperly' attempted to relitigate her failed claims in the prior [<u>Mercy</u>] action."  MTD Opinion at 5, 12.

This Court next reviewed all of Plaintiff's federal law claims:  (1) Racketeer Influenced and Corrupt Organizations Act ("RICO") violations, against RCC and P&S defendants; (2) Sherman Act violations, against RCC only; (3) Clayton Act violations, against RCC only; and (4) violations of due process, against RCC and P&S defendants.  <u>Id.</u>  The RICO claims centered around the allegations that defendants submitted false documents to this Court in the <u>Mercy</u> litigation.  <u>Id.</u> at 6, 8–9.  The Sherman Act and Clayton Act claims alleged that Mercy's merger with a Catholic hospital violated antitrust law.  <u>Id.</u> at 7.  This Court saw no pleaded basis for Plaintiff's due process claims and summarily dismissed them as "without substantive merit."  <u>Id.</u> at 16 n.12.

This Court dismissed Plaintiff's federal law claims with prejudice, rejecting Plaintiff's arguments to be, at times, "vague, inconsistent, . . . confusing," and "frivolous[]."  <u>Id.</u> at 12–13, 16.  Despite receiving repeated warnings that she must adhere to pleading rules, and after multiple attempts to do so, Plaintiff's allegations were insufficient to sustain her federal law causes of action.  The Court instead held that her allegations "are not plausible, are not supported by sufficient factual allegations, and find no support in Supreme Court or Third Circuit precedent."  <u>Id.</u> at 16.

After dismissing the federal law claims, this Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims dismissed them without prejudice.  <u>Id.</u>

d.   Recent and Pending Motions

Plaintiff appealed both cases, ECF 155, and filed a motion for leave to proceed in forma pauperis, ECF 156.   The RCC and P&S defendants then moved to modify the MTD Opinion, pursuant to Rule 59(e).  ECF 97 (No. 20-4817); ECF 158 and 159 (No. 20-4968).[3]  These motions to modify are substantively identical.   Plaintiff responded with motions to modify the MTD Opinion as well.  ECF 100 (No. 20-4817); ECF 162 (No. 20-4968).   Each motion has since been opposed.   ECF 101–104 (No. 20-4817); ECF 163–165 (No. 20-4968).   The Third Circuit has stayed Plaintiff's appeals, pending resolution of the Rule 59 motions.  ECF 160.

III.   **Plaintiff's Allegations and Claims**

This Court previously summarized Plaintiff's claims in these cases in the MTD Opinion, describing each case's operative complaint:

> At a general level, both Complaints allege various illegal actions taken by lawyers, doctors, and hospital executives during previous litigation that challenged her termination from Mercy's residency program.
>
> Plaintiff's [RCC complaint] focuses on her perception that Mercy doctors and supervisors had manipulated or falsified her residency evaluations to make her performance seem worse than it was, leading to her termination.  Plaintiff named twelve Defendants, including the Philadelphia RCC diocese, two Trinity Health entities, and various doctors and executives who work at Trinity Health and Mercy.
>
> That Complaint . . . contains eleven counts: for (1) violations of RICO; (2) violations of the Sherman Act; (3) violations of the Clayton Act; (4) intentional interference with a contractual relationship; (5) breach of contract; (6) unjust enrichment; (7) fraud; (8) defamation; (9) violations of the Pennsylvania Crimes Code; (10) violations of procedural and substantive due process; and (11) intentional infliction of emotional distress.
>
> Plaintiff's [P&S complaint] centers around her belief that attorneys in her previous lawsuit — on both Plaintiff's and Defendants' side — committed various professional wrongdoings during the course of her previous employment litigation.

---

[3] Barbara Ziv, a defendant in the P&S litigation, moved separately to modify, incorporating the same legal arguments as the other defendants while voicing additional arguments under witness immunity.

Plaintiff named twelve Defendants, who were all lawyers or law firms involved in some way with her prior case.

That Complaint . . . contains ten (10) counts: for (1) RICO; (2) legal/professional malpractice in violation of 41 Pa. Con. Stat. § 5524; (3) breach of contract; (4) unjust enrichment; (5) fraud; (6) abuse of process; (7) defamation; (8) violations of procedural and substantive due process; (9) violations of the Pennsylvania Crimes Code; (10) intentional and negligent infliction of emotional distress.

MTD Opinion at 1–2 (cleaned up).

The nexus of these claims is the alleged falsification of documents in the <u>Mercy</u> case, so the Court will summarize all <u>factual allegations</u> regarding the documents' veracity.

- Mercy produced Gok's employee evaluations that reflected lower scores than the documents she had received and those available on her online evaluation portal. ECF 109 (No. 20-4698) at 5. Several positive evaluations were no longer available on the online evaluation portal. <u>Id.</u> Other produced documents in the <u>Mercy</u> litigation were "either recreated, manipulated, or backdated." <u>Id.</u> (Plaintiff provided no further elaboration on this claim).

- Plaintiff was aware of these alleged discrepancies during the <u>Mercy</u> litigation. <u>Id.</u>

- Plaintiff raised her concerns about the documents' veracity to her then-attorneys at Swartz Swidler LLC. <u>Id.</u> They did not raise Plaintiff's concern to the Court and later withdrew as counsel. <u>Id.</u>

- Plaintiff retained new counsel from Patrick Griffin and the Derek Smith Law Firm. <u>Id.</u> at 6. Although the new attorneys "initially agreed to introduce issues of spoliation into evidence," they later "refused . . . to introduce said spoliation arguments" in front of this Court. <u>Id.</u> In March 2019, before this Court granted Mercy's motion for summary judgment, Griffin withdrew as Plaintiff's attorney. <u>Id.</u> at 7. At an unspecified point, the Derek Smith Law Firm "forced Gok to release DLSG from representation." <u>Id.</u>

- This Court granted Mercy's motion for summary judgment in July 2019. <u>Id.</u> at 6. Since then, she has retained three different law firms to represent her in the <u>Mercy</u> appeal. <u>Id.</u> at 7. She has allegedly presented evidence of falsification of documents to each. <u>Id.</u> None of them agreed to introduce Plaintiff's alleged evidence; each withdrew from representing her. <u>Id.</u>

- Plaintiff filed professional misconduct complaints against all attorneys in the <u>Mercy</u> litigation — her own and Mercy's — with the Pennsylvania Supreme Court Disciplinary Board. <u>Id.</u> The Board found "that there was no evidence of falsification of the documents provided in the underlying action, and there was no evidence of misconduct against any lawyers involved in the suit." <u>Id.</u>

8

In addition to the central fraud claims regarding falsified performance evaluations, Plaintiff alleges two satellite issues:

- Plaintiff alleges that Dr. Barbara Ziv, Mercy's medical expert, "intentionally omitted" diagnostic tests and misrepresented Plaintiff's medical history in her expert report. Plaintiff provided no supporting factual allegations or information about the referenced diagnostic tests or allegedly incorrect medical history. She similarly alleges that Mercy's witnesses "committed perjury," without further explanation. Id. at 6.

- In her malpractice claim in the P&S litigation, Plaintiff alleges that Swartz Swidler refused to continue representing her in retaliation for her complaint that one of its attorneys "requested that [Plaintiff] switch to another attorney at his firm so that he could pursue a romantic relationship with her." Id. at 5–6. These alleged events occurred in or before January 2018. Id.

## IV.    Legal Standard

Motions to modify a judgment — also referred to as motions to alter, motions to amend, or motions to reconsider — are governed by Federal Rule of Civil Procedure 59(e).  Fed. R. Civ. P. 59(e).  A Rule 59(e) motion is not appropriate where the movant simply disagrees with the Court's ruling or wants a "second bite at the apple."  Wilson v. Graybar Elec. Co., Inc., No. 17-3701, 2019 WL 2061607, at *3 (E.D. Pa. May 9, 2019) (Baylson, J.).  "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice."  Behrens v. Arconic, Inc., 502 F. Supp. 3d 931, 934 (E.D. Pa. 2020) (Baylson, J.) (quoting Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)).  Courts should grant these motions only "sparingly" and do so in consideration of the court system's interests in "finality and conservation of scarce judicial resources."  Wilson, 2019 WL 2061607, at *3 (quoting Johnson v. BB&T Corp., No. 17-4490, 2018 WL 1518618, at *2 (E.D. Pa. Mar. 28, 2018) (Joyner, J.)).

## V.    Parties' Motions to Modify Contentions

As a preliminary matter, this Court has reviewed Plaintiff's motions to Modify under Rule 59(e), her arguments in support of her motions to modify, and her arguments in opposition

to Defendants' motions to modify.  These documents total almost 250 pages and do not advance new argument with any coherence.  It is clear that Plaintiff disagreed with this Court's dismissal of her claims in the MTD Opinion, but the Court need not entertain a motion to modify where it simply "rehash[es] arguments which have already been briefed by the parties and considered and decided by the court."  Johnson, 2018 WL 1518618, at *2.  These motions will be DENIED.

Defendants' motions request that this Court reconsider its decision to dismiss Plaintiff's state law claims without prejudice.  The Court did so after dismissing the federal law claims and declining to retain its discretionary supplemental jurisdiction over the state law claims.  But Defendants that request this Court retain that jurisdiction and use it to dismiss Plaintiff's state law claims with prejudice. The Court has the authority to do so under 28 U.S.C. § 1367.  Once the Court has decided to retain jurisdiction, Defendants ask that this Court utilize 231 Pa. Code § 233.1 ("Rule 233.1") and/or 28 U.S.C. § 1651 (the All Writs Act, or "AWA") to bar Plaintiff from initiating new lawsuits against Defendants for claims related to or arising out of the Mercy litigation.  They argue the Court must do so to "prevent manifest injustice" — here, as they claim, the threat of Plaintiff continuing to harass Defendants with frivolous pro se litigation in state court.

## VI.   <u>Analysis</u>

A motion to modify a prior judgment is proper when needed to prevent a manifest injustice. Defendants have indicated the risk of a manifest injustice.  Plaintiff has shown a troubling tendency to abuse the pro se litigative privilege to harass individuals and entities related to her unsuccessful Mercy litigation.  She filed two pro se lawsuits following dismissal of the Mercy litigation, relying on frivolous allegations and arguments.   Throughout the process, she has filed dozens of procedurally improper motions, including over twenty motions for default judgment, eight motions for sanctions, and several attempts to use "motions to dismiss" to "dismiss" Defendants' motions

from the docket.  While this Court is aware of the difficulty in litigating as a pro se plaintiff, Plaintiff's repeated and flagrant violations of the Court's rules (despite this Court's repeated advice that she retain counsel)[4] show an indifference to the rights of defendants.  There is a clear danger that Plaintiff will continue her abusive pro se litigation against Defendants.

On the other hand, the Court is limited by three main restraints.  The first, quite simply, is the limited powers of a federal court.  Without a related congressional grant of authority, the Court cannot act.  The second is the importance of a litigant's right of access to courts, regardless of her means of affording counsel.  Such a right should be limited only in "extreme circumstance[s]," such as a history of abusive litigation.  Cf. In re Kennedy, Nos. 19-163 & 19-212, 2019 WL 331684, at *9–11 (E.D. Pa. Jan. 25, 2019) (Kearney, J.) (requiring abusive litigant "to show cause as to why he should not be barred from filing civil non-habeas cases related to facts already litigated" through in forma pauperis cases).  Third and finally, the Court must consider its federalist role, which often reserves state law issues for the state court system.

The Court can exercise discretionary jurisdiction to dismiss with prejudice Plaintiff's state law claims and will do so here, finding them frivolous.  And Defendants have proposed two methods by which this Court can properly enjoin Plaintiff from initiating new pro se cases against them — Rule 233.1 and the AWA.  The Court finds that it both can and should use these tools to enjoin Plaintiff.[5]  Despite this Court's reluctance to abridge Plaintiff's right of access to the court system and its respect for the Pennsylvania court system, its years-long experience managing Plaintiff's vexatious litigation and its desire to protect judicial economy justify this step.

---

[4] Plaintiff has filed applications for leave to proceed in forma pauperis in both cases.  ECF 95 (No. 20-4817); ECF 156 (No. 20-4968).  The Court will DENY these applications on account of Plaintiff's sizable assets.

[5] As a result, the Court need not address Defendant Ziv's arguments regarding witness immunity.

a.   The Court can and will retain jurisdiction over Plaintiff's state law claims.

The Court initially had jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), which provides for supplemental jurisdiction over state law claims arising from "the same case or controversy" as federal law claims.  Upon dismissing the federal law claims in the MTD Opinion, this Court declined to retain that supplemental jurisdiction.  See 28 U.S.C. § 1367(c) ("district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction.").  But § 1367(c) gives discretion — the Court "may decline" supplemental jurisdiction and, by the statute's plain language, may instead retain jurisdiction.  Id.

"In the ordinary course, where the claims over which the district court has original jurisdiction are dismissed before trial, the district court must decline to decide the pendent state claims." N. Sound Cap. LLC v. Merck & Co., Inc., 938 F.3d 482, 494 n.11 (3d Cir. 2019) (cleaned up).  But it may retain that jurisdiction "where considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." Id. (cleaned up).  Such a determination is within the discretion of the district court.  Id.

Given its lengthy experience with the parties and their claims throughout the Mercy, RCC, and P&S litigations; the voluminous and consistently frivolous nature of Plaintiff's filings; the burden on judicial economy that the state court system would bear if Plaintiff renews these lawsuits; and the parties' interests in seeking resolution of these claims, the Court finds that retaining jurisdiction over Plaintiff's state law claims is proper.

b.   The Court can and will dismiss Plaintiff's state law claims with prejudice.

Next, the Court will turn to how it should address Plaintiff's state law claims.  As mentioned above, Plaintiff generally alleges that (1) the RCC Defendants manipulated or falsified documents in connection with the termination litigated in the Mercy litigation and (2) the P&S

12

Defendants committed professional misconduct and fraud on the court by failing to introduce evidence of the allegedly falsified documents through the <u>Mercy</u> litigation.  Plaintiff asserted against RCC Defendants and P&S Defendants her claims for breach of contract, unjust enrichment, fraud, defamation, unnamed criminal acts, and infliction of emotional distress (negligent and intentional).  She also claimed that the RCC Defendants are liable for intentional interference with a contractual relationship and that P&S Defendants are liable for abuse of process/wrongful use of civil proceedings and malpractice.

In their motions to dismiss, Defendants initially argued that this Court should dismiss <u>all</u> of Plaintiff's claims, state and federal.  The Court, however, ordered Defendants to limit their reply briefs only to her federal claims.  Although Defendants did so, that does not mean that they failed to move for the state law claims' dismissal.  In fact, Defendants argued, among other things, that Plaintiff's state law claims were improper collateral attacks on the <u>Mercy</u> litigation's outcome, facially implausible, time-barred, and insufficiently supported by factual allegations under <u>Twombly</u>-<u>Iqbal</u> and the Federal Rules of Civil Procedure.

Although this Court initially declined to address Plaintiff's state law claims in the MTD Opinion, Defendants have raised sufficient justification for the Court to do so now.  Simply stated, Plaintiff's state law claims fail for the same flaws that doomed her federal claims: each of the state law claims is implausible, Plaintiff offers insufficient supporting factual allegations, and the claims constitute an improper attempt to relitigate issues from the <u>Mercy</u> litigation.  Plaintiff even attempted to litigate these exact claims in the <u>Mercy</u> litigation's appeal, but her "complain[t]s of 'spoliation of evidence' and 'fraud on the court'" were "forfeited . . . as she did not properly raise them in the District Court" during the initial <u>Mercy</u> litigation.  <u>Doe v. Mercy</u>, 2021 WL 1157190, at *6 (second <u>Mercy</u> appeal).

i.   <u>Plaintiff has failed to plausibly allege facts supporting her state law claims.</u>

Below is a short, non-exhaustive recitation of each state law claim and the Court's reasons for dismissal.[6]  For a complete breakdown of Plaintiff's state law claims and the defendants against which each claim is asserted, see Appendix B.

A.   <u>Breach of Contract</u>

Plaintiff brings two claims for breach of contract.  First, she argues that Mercy and Trinity Health Mid-Atlantic are liable for breaching Plaintiff's employment contract with Mercy.  Second, she argues that several of her former attorneys breached their engagement contracts "when they refused to address the issue of falsification of documents" in the <u>Mercy</u> litigation.

"It is well-established that three elements are necessary to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms, (2) a breach of the contract; and (3) resultant damages."  <u>Meyer, Darragh, Buckler, Bebenek & Eck, PLLC v. Law Firm of Malone Middleman, P.C.</u>, 635 Pa. 427, 445 (2016).  These claims are subject to a four-year statute of limitations.  42 Pa. C.S.A. § 5525.

For her RCC claim, Plaintiff fails to plead all three pleading requirements for a breach of contract claim; she merely pleads the existence of a contract with Mercy.  That contract was terminated in 2013, more than four years before the initiation of this lawsuit in October 2020.  Although not time-barred, Plaintiff fails to plead the requisite elements for breach of contract in her P&S claim as well.  Although she identifies attorney retention agreements (though not their

---

[6] Given the scattershot nature of Plaintiff's pleadings and the broad array of Defendants involved, some Defendants have not specifically argued or moved to dismiss all claims involving their conduct.  Nonetheless, this Court has sua sponte authority to examine the sufficiency of Plaintiff's allegations for each and may dismiss them if appropriate.  <u>See</u> <u>Singleton v. Jas Auto. LLC</u>, 378 F. Supp. 3d 334, 353 (E.D. Pa. 2019) (Baylson, J.) (sua sponte dismissal may be appropriate "where it is clear that the plaintiff cannot prevail and that any amendment would be futile.") (quoting <u>Oatess v. Sobolevitch</u>, 914 F.2d 428, 430 n.5 (3d Cir. 1990)).

"essential terms"), Plaintiff has failed to plausibly plead the existence of document falsification and, therefore, cannot argue that her then-attorneys breached any duty to present evidence to the Court of document falsification or the existence of resultant damages.  These claims must fail.

B.  Unjust Enrichment

Plaintiff asserts an unjust enrichment claim in both complaints.  Plaintiff claims that the Mercy and Trinity Health Mid-Atlantic received unjust enrichment through Plaintiff's employment at Mercy, despite the existence of an employment contract.  Plaintiff also asserts that several of her former attorneys received unjust enrichment by receiving payment for services then terminating their representation of Plaintiff.

A claim for unjust enrichment must plausibly allege (1) "benefits conferred on one party by another," (2) "appreciation of such benefits by the recipient," and (3) acceptance and retention of these benefits under such circumstances that it would be inequitable [or unjust] for the recipient to retain the benefits without payment of value."  Allegheny Gen. Hosp. v. Philip Morris, Inc., 228 F.3d 429, 447 (3d Cir. 2000) (brackets original).  It is subject to a four-year statute of limitations. W. Chester Univ. Found. v. MetLife Ins. Co. of Conn., 259 F. Supp. 3d 211, 216 (E.D. Pa. 2017) (Jones, J.).

Plaintiff's claim against Mercy and Trinity Health Mid-Atlantic is time-barred and, furthermore, includes no details as to why their receipt of the benefits of Plaintiff's labor was inequitable or unjust.  For example, Plaintiff does not allege that Church Defendants refused to pay her under her contract.  Similarly, for her claims  against her former attorneys, Plaintiff has failed to plausibly allege factual support for any inequity or injustice, such as that Gok's Counsel Defendants overcharged her or acted in bad faith.  The unjust enrichment claims must be dismissed.

C. Fraud

Plaintiff makes three sets of fraud allegations.  First, she alleges that the RCC Defendants, and the Mercy Counsel Defendants collectively falsified court documents in the Mercy litigation. Second, Plaintiff argues that Dr. Ziv, Mercy's expert witness, and Mercy Counsel Defendants intentionally omitted diagnostic tests and misrepresented Plaintiff's medical history in the expert report.  Third, she alleges that many of her former attorneys are liable for or "intentionally fail[ing] to disclose" evidence of either the purportedly falsified court documents or misrepresented medical history during the Mercy litigation.

Under Pennsylvania law, a well-pleaded fraud claim requires "(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance."  Heaven v. Portfolio Recovery Assocs., LLC, 303 F. Supp. 3d 333, 340 (E.D. Pa. 2018) (Baylson, J.).  It is also subject to a two-year statute of limitations, 42 Pa. C.S.A. § 5524(7), and a heightened pleading requirement.  Fed. R. Civ. P. 9(b).

In addition to their substantive pleading flaws,[7] the first and second sets of fraud claims are time-barred on the face of the complaint (which was filed over two years after Plaintiff allegedly discovered the falsified documents).  Furthermore, none of the claims satisfy Rule 9(b)'s heightened specificity requirement for pleading fraud; she failed to "plead the 'who, what, when, where, and how' of the fraud."  Alberici v. Recro Pharma, Inc., No. 18-2279, 2020 WL 806719, at *4 (E.D. Pa. Feb. 14, 2020) (Baylson, J.) (describing Rule 9(b)'s requirements).  Plaintiff's fraud claims also fail.

---

[7] For example, Plaintiff has not plausibly alleged the falsification of documents and, therefore, has not pleaded a misrepresentation for those claims.

D. <u>Defamation</u>

Plaintiff alleges defamation through, first, most of the RCC Defendants falsifying documents about Plaintiff in the <u>Mercy</u> litigation,[8] and, second, Mercy Counsel Defendants and Gok's Counsel Defendants enabling the submission of the falsified information to this Court.  She claims that this Court's publication of the allegedly falsified information to the public docket constitutes the requisite "publication" of the information.

In a defamation case, a plaintiff must prove:

> (1) The defamatory character of the communication; (2) its publication by the defendant; (3) its application to the plaintiff; (4) the understanding by the recipient of its defamatory meaning; (5) the understanding by the recipient of it as intended to be applied to the plaintiff; (6) special harm resulting to the plaintiff from its publication; and (7) abuse of a conditionally privileged occasion.

<u>Kelley v. Pittman</u>, 150 A.2d 59, 67 (Pa. Super. Ct. 2016); <u>see also</u> 42 Pa. C.S.A. § 8343. Defamation suits are subject to a one-year statute of limitations.  42 Pa. C.S.A. § 5523.

In addition to Plaintiff failing to plausibly plead the documents' falsification, her defamation is time-barred:  the <u>Mercy</u> litigation ended in July 2019 and she did not initiate the present lawsuits until October 2020.  Furthermore, the statements and documents that Plaintiff references in her complaints are all protected under an absolute immunity for judicial proceedings. <u>See, e.g.</u>, <u>Weinik v. Temple Univ.</u>, No. 19-3503, 2020 WL 3892963, at *6 (E.D. Pa. July 10, 2020) (Goldberg, J.) ("It has long been the law of Pennsylvania that statements made by judges, attorneys, witnesses and parties in the course of or pertinent to any stage of judicial proceedings are absolutely privileged and, therefore, cannot form the basis for liability for defamation.").

---

[8] Plaintiff also mentions falsified testimony in the <u>Mercy</u> litigation, but she fails to identify this testimony with specificity or, indeed, to include any factual allegations whatsoever as to what the referenced defendants misrepresented in their testimony.

Plaintiff's defamation claims are therefore improper, time-barred, and precluded by an absolute immunity.

### E.   Violations of Pennsylvania Criminal Code

Plaintiff asserts vague claims for violation of Pennsylvania's criminal code, including assault, aggravated assault, and witness intimidation; she does not allege what actions any Defendant performed that constituted any of these purported criminal behaviors.  Additionally, these statutory crimes do not create a private cause of action.  See Climo v. Rustin, No. 11-1339, 2012 WL 3779178, at *11 (W.D. Pa. Aug. 31, 2012) ("no private right of action" for the statutes Plaintiff lists here).  These claims must be dismissed.

### F.   Infliction of Emotional Distress

In the RCC complaint, Plaintiff alleges that most RCC Defendants are liable for intentional infliction of emotional distress ("IIED").  In the P&S complaint, her allegations mention both IIED and negligent infliction of emotional distress ("NIED"), and she claims that all P&S Defendants are liable.  Plaintiff's emotional distress claims consist almost entirely of conclusory statements. In both cases, Plaintiff fails to specify any behavior by any Defendant that would give rise to these claims or any reason that their actions would cause her emotional distress.  These claims fail.

### G.   Intentional Interference with a Contractual Relationship (RCC only)

Plaintiff claims that the Roman Catholic Church and the Archdiocese of Philadelphia falsified documents at least in part to facilitate Plaintiff's termination from Mercy, interfering with her employment contract so her pending claim in the Mercy litigation could not impede mergers of Catholic hospitals.

To succeed on this claim, a plaintiff must plead "(1) the existence of a contractual relation; (2) the defendant's purpose or intent to harm the plaintiff by preventing the relation from occurring; (3) the absence of any privilege or justification on the part of the defendant; and

18

(4) damages resulting from the defendant's conduct." DePuy Synthes Sales, Inc. v. Globus Med., Inc., 259 F. Supp. 3d 225, 242–43 (E.D. Pa. 2017) (O'Neill, J.).  It is subject to a two-year statute of limitations, beginning when the plaintiff suffers an injury from the defendant's conduct.  Shree Vallabh Krupa LLC v. Verma, No. 14-4765, 2016 WL 1449238, at *5 n.3 (E.D. Pa. Apr. 13, 2016) (Tucker C.J.).  Without taking a position on the merits of Plaintiff's allegations of contractual interference, Plaintiff's employment at Mercy ended before she began the Mercy litigation in 2015; the two-year statute of limitations has long-since expired on her claimed injury.  This claim must be dismissed.

### H.  Malpractice (P&S only)

First, Plaintiff alleges that Mercy Counsel Defendants committed malpractice by introducing falsified evidence to this Court and several of Plaintiff's former attorneys committed malpractice by failing to present evidence of falsification.  Second, Plaintiff also alleges that an attorney at Swartz Swidler asked her to switch to another attorney so he could pursue a sexual relationship with her.  As alleged, Swartz Swidler dropped her as a client because Plaintiff complained of his request.

A claim for legal malpractice requires three elements: "(1) employment of the attorney or other basis for a duty; (2) the failure of the attorney to exercise ordinary skill and knowledge; and (3) that such negligence was the proximate cause of damage to the plaintiff." Kituskie v. Corbman, 552 Pa. 275, 281 (1998).  A claim for legal malpractice "is governed by a two-year statute of limitations." Downey v. First Indemnity Ins., 214 F. Supp. 3d 414, 429 (E.D. Pa. 2016) (Goldberg, J.)) (citing 42 Pa. C.S.A. § 5524).  It also requires that the plaintiff file a certificate of merit.  See Pa. R. Civ. P. 1043.2(a); Scaramuzza v. Sciolla, 345 F. Supp. 2d 205, 510 (E.D. Pa. 2004)

(Baylson, J.) (holding that Rule 1043.2 is "controlling, substantive state law" but declining to dismiss claim where plaintiff filed the certificate of merit before dismissal).[9]

For the first claim, because Plaintiff has not plausibly alleged the existence of falsified evidence, she has failed to allege a basis from which this Court can reasonably assume the attorneys' liability for malpractice.[10]  For the second, Swartz Swidler withdrew as Plaintiff's counsel in Mercy in January 2018.  Plaintiff did not initiate this lawsuit until October 2020, after Pennsylvania's two-year statute of limitations on legal malpractice suits had elapsed.  Plaintiff's malpractice claims should be dismissed.

## I.   Abuse of Process and Wrongful Use of Civil Proceedings (P&S only)

Plaintiff claims that the Mercy Counsel Defendants and several of her own former attorneys are liable for abuse of process, citing the statute for wrongful use of civil proceedings.  Plaintiff claims that they illegitimately used falsified documents or refused to alert this Court to their use.  Whether the claim is for abuse of process of wrongful use of civil proceedings, it fails.

An abuse of process claim is a common law claim that requires the plaintiff to "show[] that the defendant (1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff." Lerner v. Lerner, 954 A.2d 1229, 1238 (Pa. Super. Ct. 2008).  Such a claim must plead "the misuse of process, no matter how properly obtained, for any purpose other than that which it was designed to accomplish."  Id.  It is subject to a two-year statute of limitations that begins when the process is allegedly abused.  P.J.A. v. H.C.N., 156 A.3d 284, 288, 291 (Pa. Super. Ct. 2017).

---

[9] Plaintiff has since filed a "motion to leave certificate of merit [sic]" for the Defendant-attorneys.
[10] Plaintiff has also failed to plead the existence of a qualifying relationship with Mercy Counsel Defendants.

Wrongful use of civil proceedings is a statutory claim against someone who wrongfully sued the injured party, who then successfully shows her lack of liability in the first action and then sues the wrongful litigant.  Id. at 291–92 (citing 42 Pa. C.S.A. § 8351).  "A successful cause of action for wrongful use of civil proceedings must prove three elements: (1) the underlying proceedings were terminated in [the now-plaintiff's] favor; (2) defendants caused those proceedings to be instituted against plaintiffs without probable cause; and (3) the proceedings were instituted primarily for an improper cause."  Id. at 292.  This claim is subject to a two-year statute of limitations that commences when the wrongful proceedings commence.  Hvizdak v. Linn, 190 A.3d 1213, 1229 (Pa. Super. Ct. 2018).

But Plaintiff has not plausibly pleaded the falsification of documents or any wrongdoing in the Mercy litigation.  Nor has she identified a "legal process" that her own attorneys used against her or a legal process that the Mercy Counsel Defendants used against her within two years of filing this lawsuit.  Furthermore, the Mercy litigation did not terminate in her favor, and the lawsuit in question commenced more than two years before the present suits began.  These claims must be dismissed.

ii.   Conclusion regarding state law claims — Dismissal of Plaintiff's state law claims is appropriate.

For the reasons given above, the Court will GRANT Defendants' motions to modify the MTD Opinion and will retain jurisdiction over Plaintiff's remaining state law claims.  The Court will DISMISS those state law claims with prejudice for failure to state a claim.

c.   The Court will employ the All Writs Act ("AWA") and will require Plaintiff to show cause why it should not restrict her ability to initiate future related litigation.

Defendants ask that the Court use its authority under the All Writs Act to enjoin Plaintiff from initiating further lawsuits against them.  The AWA provides that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions

and agreeable to the usages and principles of the law." 28 U.S.C. § 1651(a).  This broad power includes a narrower one:  the authority "to issue injunctions restricting the filing of meritless pleadings by litigants where the pleadings raise issues identical or similar to those that have already been adjudicated." In re Packer Avenue Associates, 884 F.2d 745, 747 (3d Cir.1989).  Where the Court is faced with a vexatious litigant, it may be appropriate to require her "to receive court approval before filing further complaints."  Id.

This Court is aware of the weighty implications of such an injunction, including the Third Circuit's resultant directive that they should be only "extraordinary remedies and must be narrowly tailored and sparingly used."  Chadda v. Magady, No. 11-5339, 2011 WL 6371904, at *3–4 (E.D. Pa. Dec. 20, 2011) (Tucker, J.) (quoting In re Oliver, 682 F.2d 443, 446 (3d Cir. 1982)).  But such an order may nonetheless be justified in response to "a pattern of conduct from which [the court] can only conclude that a litigant is intentionally abusing the judicial process and will continue to do so unless restrained."  Id. (quoting Abdul-Akbar v. Watson, 901 F.2d 329, 332 (3d Cir. 1990)).

Here, Plaintiff has initiated two meritless suits arising out of purported misconduct in a prior lawsuit that this Court resolved years ago, in which the Third Circuit has heard two appeals from that earlier case and eventually affirmed its dismissal with prejudice.  Instead of accepting the court system's resolution of her claims, Plaintiff has created new lawsuits, replete with implausible allegations, dozens of defendants, and voluminous and improper filings.  There is a discrete danger that Plaintiff intends to continue a pattern of meritless litigation against everyone involved in her prior litigation.

The Court finds good cause to issue the requested injunction to bar Plaintiff from filing any additional actions against any Defendant (or any other person related to any Defendant) related to her employment at Mercy or the Mercy litigation.  Such an injunction would be appropriately and

narrowly tailored as it would still allow Plaintiff access to the court system, but not for any continued attempts to relitigate her termination or her unfounded claims of a conspiracy to commit fraud against her in that lawsuit.

Before ordering imposition of the injunction, however, the Court "must give notice to the litigant to show why the proposed injunctive relief should not issue." Kornafel v. Del Chevrolet, No. 20-4991, 2021 WL 26969, at *2 (E.D. Pa. Jan. 4, 2021) (Jones, J.) (quoting Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993)).[11]  The Court will do so and will ORDER Plaintiff to show cause as to why such this injunction should not be issued.

   d.   Rule 233.1 is applicable state law under the *Erie* doctrine.

The Court next turns to Defendants' request that it invoke Rule 233.1 to bar Plaintiff from initiating further litigation against them.  Before doing so, the Court must examine whether it can apply Rule 233.1, which arises from state law, under the Erie doctrine.  This appears to be a matter of first impression in the Pennsylvania federal courts.

Rule 233.1 states, in relevant part:

(a) Upon the commencement of any action filed by a pro se plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that

   (1) the pro se plaintiff is alleging the same or related claims which the pro se plaintiff raised in a prior action against the same or related defendants, and

   (2) these claims have already been resolved pursuant to a written settlement agreement or a court proceeding.

. . .

(c) Upon granting the motion and dismissing the action, the court may bar the pro se plaintiff from pursuing additional pro se litigation against the same or related defendants raising the same or related claims without leave of court.

---

[11] See also id. at *3 (enjoining plaintiff "from filing any further civil actions against Del Chevrolet, Delvecchio, or Judge MacElree raising claims based on the car he purchased in 2015 and related state court litigation about the car").

231 Pa. Code § 233.1.  Because Rule 233.1 is substantive state law and this Court is adjudicating state law claims, Rule 233.1 is applicable under the Erie doctrine.

A federal court overseeing state law claims "must apply state substantive law and federal procedural law." Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2008) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).[12] Chamberlain "set out a three-part test to determine whether a state law is substantive or procedural." Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 262 (3d Cir. 2011).

> First, a court must determine whether there is a direct collision between a federal rule and the state law or rule that the court is being urged to apply.  If there is a direct conflict, the federal court must apply the federal rule and reject the state rule. If there is no "direct collision," then the court applies the Erie Rule to determine if state law should be applied, by evaluating the second and third prongs of the Chamberlain test.

> In the second part of the Chamberlain test, a court must determine whether the state law is outcome-determinative and whether failure to apply the state law would frustrate the twin aims of the Erie Rule to discourage forum shopping and avoid inequitable administration of the law.

> Third, the court must consider whether any countervailing federal interests prevent the state law from being applied in federal court.

Id. (citing Chamberlain, 210 F.3d at 159–61) (cleaned up).

The first step is satisfied; there is no conflict between Rule 233.1 and any federal rule.  As the Third Circuit stated regarding an analogous New Jersey state court rule, the state rule's "policy can be effectuated without compromising any of the policy choices reflected in [the Federal Rules of Civil Procedure and they] . . . can exist side by side." Chamberlain, 210 F.3d at 160.  Therefore there was no conflict.  Id.

---

[12] The Erie doctrine applies equally whether a district court's jurisdiction is predicated on diversity or supplemental jurisdiction.  Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C., 692 F.3d 283, 302 n.11 (3d Cir. 2012).

Next, the Court asks whether Rule 233.1 is outcome-determinative such that non-application of the rule would "frustrate the twin aims of the <u>Erie</u> Rule [of] discouraging forum shopping and avoiding inequitable administration of the laws." <u>Liggon-Redding</u>, 659 F.3d at 264.

The <u>Chamberlain</u> court's examination is instructive on this point. There, the issue was a state court rule requiring medical malpractice plaintiffs to promptly file affidavits in support of their complaints or have their claims dismissed. 210 F.3d at 157–58. Such a requirement was "outcome determinative on its face" as it would direct "early dismissal of meritless lawsuits" and was "not merely . . . a new procedural rule." <u>Id.</u> at 161. Furthermore, a failure to enforce that requirement in New Jersey's federal courts "could promote forum-shopping" by allowing plaintiffs with non-meritorious claims to proceed further in their litigation by suing in federal court. <u>Id.</u> And non-application of the affidavit rule would cause inequitable administration of the laws by unfairly exposing federal court defendants to those non-meritorious claims that a state court defendant could promptly dismiss. <u>Id.</u>

Rule 233.1 is the same here. Application of the rule in federal courts would result in dismissal of non-meritorious claims by pro se litigants seeking to bring endless litigation (i.e. "early resolution of meritless lawsuits"). Rule 233.1 changes the outcomes of those cases before costly litigation occurs, and a failure to apply it in Pennsylvania's federal courts would frustrate the twin aims of <u>Erie</u> by creating a rift between state and federal courts' ability to curb abusive pro se litigation.

Finally, for the third <u>Chamberlain</u> step, the Court must ask whether there is a countervailing federal interest that should prevent Rule 233.1's application in federal courts. The only potential countervailing federal interest would be the interest of maintaining pro se litigants' access to the court system. But "an order restricting the filing of meritless cases by a litigant whose manifold

complaints raise claims identical or similar to those that already have been adjudicated" does not violate the "constitutional right of access to the courts."  Armstrong v. Zickefoose, No. 10-4388, 2010 WL 4810654, at *8–9 (D.N.J. Nov. 17, 2010) (citing In re Oliver, 682 F.2d 443 (3d Cir. 1982)).  In the absence of countervailing federal interests, the Court can and must apply Rule 233.1 as substantive state law for adjudicating Plaintiff's state law claims.

> e.  The Court will employ the Rule 233.1 and will require Plaintiff to show cause why it should not restrict her ability to initiate future related litigation.

Although Rule 233.1 applies, the rule creates a discretionary power for a court, itself limited to certain prerequisites.  Before deciding whether to employ that discretionary authority to enjoin future litigation, the Court must determine whether the rule's prerequisites are met. Rule 233.1 requires that that a party file a Rule 233.1 motion setting forth bases by which this Court can conclude "(1) the pro se plaintiff is alleging the same or related claims which the pro se plaintiff raised in a prior action against the same or related defendants, and (2) these claims have already been resolved pursuant to a written settlement agreement or a court proceeding." Rule 233.1.

Only sixteen of the thirty Defendants have filed a Rule 233.1 motion — the "Rule 233.1 Defendants."[13]  This group consists of two business entities related to Mercy, eight employees of those entities/Mercy, the expert witness in Mercy, and the law firm and four attorneys who represented Mercy in the prior litigation.  Each Rule 233.1 Defendant was involved in — or works

---

[13] Although there is no binding authority on this issue, the Court will confine its Rule 233.1 consideration to only those parties who affirmatively requested its relief.  Such a decision comports with the Third Circuit's analogous directive that injunctions to limit a vexatious litigant's access to the courts must be narrowly tailored and only under extreme circumstances. See above Section VI(c) (discussing AWA).  The Court will, however, grant the remaining Defendants the opportunity to file Rule 233.1 motions, should they believe such a motion is relevant to them.  The Rule 233.1 motions, if any, should highlight the movants' arguments as to why they believe Rule 233.1 applies to them.

for an entity involved in — the <u>Mercy</u> litigation, where Plaintiff failed to raise the issue of their alleged fraud on the court. <u>See</u> <u>Doe v. Mercy</u>, 2021 WL 1157190, at *6 (Plaintiff "did not properly raise" her complaints of "fraud on the court" to this Court in the <u>Mercy</u> litigation so "those issues are . . . forfeited.") (Third Circuit opinion affirming this Court's opinion in <u>Mercy</u>).  As is clear from her complaints, Plaintiff is alleging claims related to those raised and resolved in <u>Mercy</u> against the same or related defendants as those included in <u>Mercy</u>.

The Court therefore has the authority to invoke Rule 233.1's discretionary authority.  It will order Plaintiff to show cause why this Court should not to bar Plaintiff from filing additional pro se litigation against the Rule 233.1 Defendants (or any other person related to any Rule 233.1 Defendant) related to her employment at Mercy or the <u>Mercy</u> litigation without prior permission from this Court.[14]  It will also allow the Defendants who did not file Rule 233.1 motions to do so now; the Court will then consider whether to include those movants (if any) under its Rule 233.1 injunction (if one is issued).

## VII.   <u>Conclusion</u>

For the foregoing reasons, this Court will amend its prior ruling regarding the parties' motions to dismiss to prevent manifest injustice pursuant to Rule 59(a) to:

- DISMISS Plaintiff's state law claims with prejudice for failure to state a claim;

- ORDER Plaintiff to show cause within fourteen (14) days as to why the Court should not enjoin her from filing any additional litigation against Defendants (or any other person related to any Defendant) related to her employment at Mercy or the <u>Mercy</u> litigation;

---

[14] Unlike the AWA, Rule 233.1 empowers a court to enjoin a litigant only from "pursuing additional <u>pro se</u> litigation."

- ORDER Plaintiff to show cause within fourteen (14) days as to why the Court should not enjoin her from filing any additional pro se litigation against Rule 233.1 Defendants (or any other person related to any Rule 233.1 Defendant) related to her employment at Mercy or the <u>Mercy</u> litigation without prior permission from this Court; and

- ORDER that any Defendant who has not filed a Rule 233.1 motion may do so within fourteen (14) days, with a supporting brief of not more than five (5) pages setting forth arguments as to why the movant satisfies the rule's prerequisites.

Additionally, Plaintiff's Motions to Modify under Rule 59(e) will be DENIED, Plaintiff's Motions to Prepare Transcripts will be DENIED, and Plaintiff's Applications to Proceed In Forma Pauperis will be DENIED.  An appropriate Order follows.

## **APPENDIX A**

Below is a breakdown of which defendants belong to each named "group" of defendants.

"RCC Defendants" — All defendants in Gok v. Roman Catholic Church (No. 20-4968)
- Roman Catholic Church
- Archdiocese of Philadelphia
- Trinity Health/Catholic Health East
- Trinity Health Mid-Atlantic
- Mike Slubowski
- Mercy Catholic Medical Center
- Oleg Teytelboym
- Stanley Chan
- Arnold Eiser
- John Cigler
- Pam Fierro
- Cathy Mikus
- Reza Hayeri
- Judith Perschilli

"P&S Defendants" — All defendants in Gok v. Post & Schell PC (No. 20-4817)
- Post & Schell PC
- A. James Johnston
- Andrea Kirshenbaum
- David Renner
- Kate Kleba
- Cathy Mikus
- Derek Smith Law Group PPLC
- Derek Smith
- Christopher Booth
- James Patrick Griffin
- Barbara Ziv
- Alan Davis
- Matthew Weisberg
- Reginald Allen
- Joshua Boyette
- Justin Swidler
- Counsel Press

"Church Defendants" — Entities associated with the Roman Catholic Church
- Roman Catholic Church
- Archdiocese of Philadelphia
- Trinity Health/Catholic Health East
- Trinity Health Mid-Atlantic

- Mike Slubowski
- Mercy Catholic Medical Center
- Judith Perschilli

"Gok's Counsel Defendants" — Plaintiff's former attorneys sued here
- Derek Smith Law Group PPLC
- Derek Smith
- Christopher Booth
- James Patrick Griffin
- Matthew Weisberg
- Reginald Allen
- Joshua Boyette
- Justin Swidler
- Counsel Press

"Mercy Counsel Defendants" — Current and former retained counsel for Mercy
- Post & Schell PC
- A. James Johnston
- Andrea Kirshenbaum
- David Renner
- Kate Kleba

"Witness Defendants" —  Witnesses in the Mercy litigation
- Oleg Teytelboym
- Stanley Chan
- Arnold Eiser
- John Cigler
- Pam Fierro
- Reza Hayeri

"Rule 233.1 Defendants" — Defendants who moved for relief under Rule 233.1
- Trinity Health/Catholic Health East
- Trinity Health Mid-Atlantic
- Mike Slubowski
- Oleg Teytelboym
- Stanley Chan
- Arnold Eiser
- John Cigler
- Cathy Mikus
- Reza Hayeri
- Judith Perschilli
- Post & Schell PC
- A. James Johnston
- Andrea Kirshenbaum

- David Renner
- Kate Kleba
- Barbara Ziv

**APPENDIX B**

Below is a list of the Defendants that are allegedly liable for each state law claim.


Breach of Contract
    RCC Complaint (Count V)
- Mercy Catholic Medical Center
- Trinity Health Mid-Atlantic

    P&S Complaint (Count III)
- Christopher Booth
- James Patrick Griffin
- Matthew Weisberg
- Reginald Allen
- Joshua Boyette
- Counsel Press

Unjust Enrichment
    RCC Complaint (Count VI)
- Mercy Catholic Medical Center
- Trinity Health Mid-Atlantic

    P&S Complaint (Count IV)
- Christopher Booth
- James Patrick Griffin
- Matthew Weisberg
- Reginald Allen
- Joshua Boyette
- Justin Swidler
- Derek Smith

Fraud
    RCC Complaint (Count VII)
- All RCC Defendants

    P&S Complaint (Count IV)
- All Mercy Counsel Defendants
- Derek Smith Law Group PPLC
- Derek Smith
- Christopher Booth
- James Patrick Griffin
- Barbara Ziv
- Matthew Weisberg
- Reginald Allen
- Joshua Boyette
- Justin Swidler

Defamation

 <u>RCC</u> Complaint (Count VIII)
- All Witness Defendants
- Cathy Mikus
- Roman Catholic Church
- Archdiocese of Philadelphia
- Trinity Health Mid-Atlantic

 <u>P&S</u> Complaint (Count VII)
- All Mercy Counsel Defendants
- All Gok's Counsel Defendants

Violation of Pa. Criminal Code

 <u>RCC</u> Complaint (Count IX)[15]
- All Witness Defendants
- Roman Catholic Church
- Archdiocese of Philadelphia
- Trinity Health/Catholic Health East
- Trinity Health Mid-Atlantic
- Mike Slubowski
- Cathy Mikus

 <u>P&S</u> Complaint (Count IX)
- All Mercy Counsel Defendants
- Cathy Mikus
- Derek Smith Law Group PPLC
- Derek Smith
- Christopher Booth
- James Patrick Griffin
- Matthew Weisberg
- Reginald Allen
- Counsel Press
- Barbara Ziv
- Alan Davis

Infliction of Emotional Distress

 <u>RCC</u> Complaint (Count X – Intentional Infliction of Emotional Distress only) [16]
- All Witness Defendants
- Roman Catholic Church
- Archdiocese of Philadelphia
- Trinity Health/Catholic Health East
- Trinity Health Mid-Atlantic
- Mike Slubowski

---

[15] The <u>RCC</u> complaint also includes Alan Davis, but he is a defendant only in the <u>P&S</u> litigation.
[16] The <u>RCC</u> complaint also includes Alan Davis, but he is a defendant only in the <u>P&S</u> litigation.

- Cathy Mikus

P&S Complaint (Count X – both Intentional and Negligent Infliction of Emotional Distress)

- All P&S Defendants

Intentional Interference with a Contractual Relationship

RCC Complaint (Count IV)

- Roman Catholic Church
- Archdiocese of Philadelphia

Malpractice

P&S Complaint (Count II)

- All Mercy Counsel Defendants
- Derek Smith Law Group PPLC
- Christopher Booth
- James Patrick Griffin
- Matthew Weisberg
- Reginald Allen
- Joshua Boyette
- Justin Swidler
- Counsel Press

Abuse of Process and Wrongful Use of Process

P&S Complaint (Count VI)

- All Mercy Counsel Defendants
- Joshua Boyette
- Justin Swidler
- Derek Smith
- James Patrick Griffin

O:\CIVIL 20\20-4817 Gok v Roman Cath Church\20cv4817 Memo re Rule 59 Motions.docx