IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| HAYRIYE BERIL GOK<br><br>v.<br><br>ROMAN CATHOLIC CHURCH, et al. | CIVIL ACTION NO. 20-4817 |
|---|---|
| HAYRIYE BERIL GOK<br><br>v.<br><br>POST & SCHELL, et al. | CIVIL ACTION NO. 20-4968 |

**MEMORANDUM RE: DEFENDANTS' MOTION
TO ALTER OR AMEND THE FINAL ORDER AND JUDGMENT**

**Baylson, J.**                                                                                              **March 15, 2022**

## I.      INTRODUCTION

The present cases—Gok v. Roman Catholic Church, No. 20-4817 (E.D. Pa.) ("Gok I") and

Gok v. Post & Schell, P.C., No. 20-4968 (E.D. Pa.) ("Gok II") arise from *pro se* Plaintiff Hayriye

Beril Gok's ("Plaintiff") allegations of misconduct that allegedly occurred during Plaintiff's

previous employment discrimination lawsuit before this Court: Doe v. Mercy Catholic Hospital

Center, No. 15-2085 (E.D. Pa.) (the "Mercy litigation").  In Gok I and Gok II, Plaintiff alleged

dozens of entities and individuals named as defendants were involved in fraudulent and unlawful

actions to assist her former employer, Mercy Catholic Hospital Center ("Mercy") evade liability

in the Mercy litigation.

Defendants Trinity Health Corporation, Trinity Health of the Mid-Atlantic Region, Dr.

Oleg Teytelboym, Dr. Arnold Eiser, Dr. Stanley Chan, John Cigler, Dr. Reza Hayeri, Catherine

Mikus, Esquire, Michael Slubowksi, and Judith Persichilli (the "Trinity Defendants"), and

Defendants Post & Schell, P.C., A. James Johnston, Andrea M. Kirshenbaum, David Renner, Kate

1

A. Kleba, Dr. Barbara Ziv, and Reginald Allen (the "Post & Schell Defendants" and collectively with the Trinity Defendants, "Defendants"), jointly move this Court, pursuant to FED. R. CIV. P. 59(e), to modify its April 30, 2021 Order (Gok I: ECF 91, Gok II: ECF 158, 159, 161) to permanently enjoin Plaintiff from filing additional litigation against Defendants (or any other person related to any Defendant) regarding Plaintiff's employment at Mercy or the Mercy litigation without prior permission from this Court.

Upon review of the parties' briefing and for the reasons detailed below, the Court will permanently enjoin Plaintiff from filing such additional actions without first securing permission from a federal district court to do so.

## II.     RELEVANT PROCEDURAL HISTORY[1]

### A.     Prior Mercy Litigation (C.A. No. 15-cv-2085)

In the Mercy litigation, Plaintiff (then proceeding under a Doe pseudonym) alleged that, while she was a medical resident at Mercy, she faced sexual harassment and retaliation in violation of Title IX of the Education Amendments of 1972 (20 U.S.C. § 1681) and of state law that resulted in her wrongful termination.  In ruling on the motion to dismiss, this Court initially dismissed all of Plaintiff's claims.  See Doe v. Mercy, 158 F. Supp. 3d 256 (E.D. Pa. 2016) (Baylson, J.).  This Court dismissed Plaintiff's Title IX claims finding Title IX inapplicable to Plaintiff's role, and it also alternatively dismissed Plaintiff's hostile work environment claim as time barred.  Without any remaining federal law claims, this Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims and dismissed them without prejudice.

On appeal, the Third Circuit affirmed-in-part and reversed-in-part this Court's dismissal.

---

[1] Recitation of additional events in the Mercy litigation's procedural history can be found in the Court's July 20, 2021 Memorandum re: Rule 59 Motions to Modify Judgment.  ECF No. 107.

See Doe v. Mercy, 850 F.3d 545 (3d Cir. 2017).  The Third Circuit vacated this Court's dismissal of Plaintiff's federal law claims[2] because it concluded Title IX's applicability was "a mixed question of law and fact," (id. at 556), and its applicability was "plausible." Id. at 558.  With the federal law claims surviving the motion to dismiss, the Third Circuit reversed dismissal of the state court claims, ruling this Court still retained jurisdiction over them. Id. at 567.

On remand, the Mercy litigation proceeded through discovery, and the parties stipulated to dismissal of Plaintiff's state law claims without prejudice.  Mercy moved for summary judgment, and Plaintiff opposed, relying in large part upon her own unsigned declaration.  The declaration included Plaintiff's belief that Mercy falsified her "service examination scores" to make her appear lower performing.  The Court granted Mercy's motion for summary judgment. Doe v. Mercy, No. 15-2085, 2019 WL 3243249 (E.D. Pa. July 17, 2019) (Baylson, J.).  The Court held that neither of Plaintiff's remaining claims—federal claims for Title IX retaliation and sexual harassment—could survive summary judgment.  Id. at *15.  In doing so, this Court did "not credit" Plaintiff's declaration to the extent it "contradict[ed] her deposition testimony, [was] otherwise belied by the evidentiary record, or [was] premised on hearsay or evidence about which Plaintiff could not have [had] personal knowledge." Id. at *2 n.3.

Plaintiff appealed.  Despite previously being represented by counsel throughout the Mercy litigation, Plaintiff's counsel withdrew; Plaintiff represented herself *pro se* for this appeal.  Although the Third Circuit initially dismissed Plaintiff's appeal for failure to prosecute, it later affirmed this Court's grant of summary judgment on the merits for both counts. Doe v. Mercy, No. 19-2734, 2021 WL 1157190 (3d Cir. Mar. 25, 2021) (non-precedential); Id. at *4.

---

[2] The Third Circuit did not vacate the court's dismissal of the hostile work environment claim; it affirmed this Court's dismissal on statute of limitations grounds. Id. at 566.

During her appeal, Plaintiff raised some of the claims that she later brought in the two

present cases.  The Third Circuit rejected those arguments:

> Doe also <u>complains about "spoliation of evidence" and "fraud on
> the court"</u> in her brief here, but <u>those issues are also forfeited,</u> as she
> did not properly raise them in the District Court. For the same
> reason, we cannot entertain her claims, raised for the first time in
> her reply brief: (1) that Mercy is engaging in "continuous
> retaliation," which is causing a "hostile work environment at
> Appellant's current employment," (2) vague claims that her
> "constitutional rights" and "civil rights" have been violated, and (3)
> <u>claims of "criminal conspiracy," and violation of various statutory
> provisions prohibiting fraud, including health care fraud.</u>

<u>Id.</u> at *6 (internal citations omitted and emphasis added).

## B.     Gok I and Gok II Actions

While Plaintiff's appeal of this Court's summary judgment grant was pending, Plaintiff

initiated the present two litigations, *pro se*, in Fall of 2020.  <u>Gok v. Roman Catholic Church</u>, No.

20-4817 (E.D. Pa.) ("Gok I") and <u>Gok v. Post & Schell PC</u>, No. 20-4968 (E.D. Pa.) ("Gok II").

Both Gok I and Gok II have extensive procedural histories, largely due to Plaintiff's practice of

filing voluminous and procedurally improper motions.  The filings in these two cases follow

similar paths, so unless otherwise noted, the Court will only cite to the docket for Gok I, No. 20-

4817.

### 1.     Plaintiff's Original Complaints in Gok I and Gok II

#### a.     *Gok I Complaint*

Broadly speaking, Plaintiff's Gok I Complaint alleged the Roman Catholic Church,

Archdiocese of Philadelphia, Mercy, and various employees of Mercy conspired to falsify

documents during the <u>Mercy</u> litigation.  ECF 1 ("Gok I Compl.").  Plaintiff's Gok I Complaint

contained nearly twenty (20) pages of copied and pasted case law and statutes related to criminal

victim intimidation, fraud, the applicability of punitive damages in a tort action, the availability of

4

punitive damages in a bad faith action against an insurer, obstruction of justice, bribery of public officials, and defamation.  See generally Gok I Compl. at 1–20.

Plaintiff alleged the first time she was provided with documentation filed in the Mercy litigation was in November 2017 and she alleged "almost all 3000 pages of documents were not documentation" and that "almost every document . . . [had] been manipulated."  Gok I Compl. at 22.  She alleged she informed her counsel in the Mercy litigation of the alleged falsification of documents before the Court heard oral argument on the Mercy summary judgment motion, but that her counsel did not bring this alleged falsification to the attention of the Court.  Gok I Compl. at 22–23.

Plaintiff also lodged a 42 U.S.C. § 1983 claim against Defendant Alan J. Davis of the Pennsylvania Supreme Court Office of Disciplinary Counsel for his alleged failure to act against the attorneys in the Mercy litigation after Plaintiff notified Defendant Davis of the alleged falsification of documents.  Compl. 25, 29–30.  Plaintiff alleged the Roman Catholic Church and the Archdiocese of Philadelphia should be investigated "regarding Counsel Alan Davis['] actions under 18 U.S. Code § 201.Bribery of public officials and witnesses" and for the Roman Catholic Church to be "investigated with the Canon Law."  Gok I Compl. at 26.

Plaintiff also re-alleged the same claims that gave rise to the Mercy litigation:

> exposed to continuous sexual harassment of Dr. Oleg Teytelboym, and retaliation Dr. Oleg Teytelboym, MCMC and Catholic Health east/ Trinity Health during her residency, which also continued after my wrongful dismissal, with spoliation of evidence, to my wrongful arrest with falsified documents and wrongful termination, witness tampering, perjury, retaliating my current job, blocking my access to legal help and lawyers.

Gok I Compl. at 24–25; see also Gok I Compl. at 21–22.

5

### b.      Gok II Complaint

Nine days after Plaintiff filed her Gok I Complaint, Plaintiff initiated a second action: Gok II. See generally C.A. No. 20-cv-4968. Plaintiff's Gok II Complaint alleged her own counsel and defense counsel committed legal malpractice and obstructed justice during the Mercy litigation by conspiring to submit falsified documents to this Court and by conspiring to withhold evidence of alleged spoliation from both Plaintiff and this Court. ECF 1 ("Gok II Compl."). Plaintiff's sixty-one-page Gok II Complaint alleged the Post & Schell Defendants retaliated against Plaintiff for a period of ten years using "falsified documents" as allegedly evidenced by Plaintiff's "wrongful conviction" and "wrongful termination." Gok II Compl. at 19. Plaintiff's Gok II Complaint contained over thirty-five (35) pages of copied and pasted case law and statutes related to criminal victim intimidation, fraud, legal malpractice, the applicability of punitive damages in a tort action, the availability of punitive damages in a bad faith action against an insurer, obstruction of justice, bribery of public officials, and defamation. See generally Gok II Compl. at 1–35.

Specifically, Plaintiff re-alleged that the first time she was provided with documentation filed in the Mercy litigation was in November 2017 and she alleged "almost all 3000 pages of documents were not documentation" and that "almost every document . . . [had] been manipulated." Gok II Compl. at 37. Plaintiff lodged an identical claim against Defendant Alan J. Davis of the Pennsylvania Supreme Court Office of Disciplinary Counsel to that which she lodged against him in Gok I, alleging he failed to act in response to Plaintiff's notification that counsel in the Mercy litigation falsified documents in that action. Gok II Compl. at 42, 45.

Plaintiff also alleged her Mercy counsel withheld evidence from Plaintiff that would have established spoliation and perjury occurred during the Mercy litigation, and that Plaintiff's counsel did not utilize a single piece of evidence in support of her Mercy claims or appeal. Gok II Compl.

at 37, 40–41.

Again, Plaintiff also re-alleged similar claims that gave rise to her <u>Mercy</u> litigation averring, "[r]etaliation of the defendant did not end with my wrongful termination, however, continued with spoliation of evidence after my wrongful termination, perjury and witness tampering, wrongful arrest with falsified documents and wrongful termination, retaliating my current job, blocking Doe's access to legal help and lawyers."  Gok II Compl. at 39.[3]

### c.      *This Court's Management of the Gok I and Gok II Complaints*

Within two months of Plaintiff's initiation of Gok I and Gok II, the two cases' dockets totaled nearly one hundred (100) entries (Gok I: 29 docket entries and Gok II: 65 docket entries), predominantly from Plaintiff filing numerous procedurally improper or duplicative motions.

On December 22, 2020, this Court struck the Gok I and II Complaints without prejudice for Plaintiff's various failures to comply with the Federal Rules of Civil Procedure and this Court's Local Rules.  Gok I: ECF 47, Gok II: ECF 99.  Pursuant to FED. R. CIV. P. 16, this Court also denied all outstanding motions without prejudice and recommended Plaintiff retain counsel, noting the difficulty of litigating cases like this *pro se*.  ECF No. 47 ¶ 9.

On January 22, 2021, Plaintiff filed her First Amended Complaints (Gok I: ECF 52, Gok II: 104) which this Court again struck for Plaintiff's various failures to comply with the Federal Rules of Civil Procedure, and specifically for Plaintiff's failure to comply with FED. R. CIV. P. 8's requirement for a short and plain statement of a claim for relief.  Gok I: ECF 55, Gok II: ECF 108. In striking Plaintiff's First Amended Complaints, this Court again reiterated the importance of Plaintiff's compliance with the Federal Rules of Civil Procedure and recommended Plaintiff retain

---

[3] Plaintiff even refers to herself as Doe in this allegation, the same pseudonym she used during the <u>Mercy</u> litigation.

counsel.  Id.

   2. Plaintiff's Second Amended Complaints in Gok I and Gok II (the operative complaints)

On February 26, 2021, Plaintiff filed her second amended complaints (Gok I: ECF 58, Gok II: ECF 109), the now-operative complaints, again alleging a mixture of federal law claims and state law claims related to an alleged conspiracy of wrongdoing during the Mercy litigation. ECF No. 58.

    *a.* ***Plaintiff's Gok I Second Amended Complaint***

Plaintiff's Gok I Second Amended Complaint (ECF 58, "Gok I SAC") included seventy-six (76) pages of unsupported claims against the Roman Catholic Church, the Archdiocese of Philadelphia, the Trinity Health Corporation, Trinity Health of the Mid-Atlantic Region, Mercy Catholic Medical Center, Dr. Oleg Teytelboym, Dr. Stanley Chan, Michael Slubowksi, Dr. Reza Hayeri, Dr. Arnold Eiser, John Cigler, Catherine Mikus, Esquire.

Plaintiff alleged the defendants conspired to present falsified documents to this Court and to testify falsely before this Court during the Mercy litigation.  Gok I SAC at 5, 14–15.  Plaintiff also included allegations that her own attorney during the Mercy litigation "failed to bring up issues of document falsification."  Gok I SAC at 6.

Plaintiff's SAC went on to describe the Roman Catholic Church, the alleged leadership body of the Roman Catholic Church, the history of the Code of Canon Law, this country's national health reform and its impact on religious hospitals, and the process of hospital mergers.  Gok I SAC at 6–15.  Plaintiff alleged her Mercy claims "could have influenced the [Trinity Health] merger . . . therefore providing motivation to discredit her sexual harassment claims and retaliate against her."  Gok I SAC at 12 ¶¶ 66, 126, 128.  Plaintiff alleged the Roman Catholic Church, the Archdiocese of Philadelphia, and Trinity Health all conspired to violate anti-trust laws, to

monopolize healthcare services in the United States, to prevent her employment in the healthcare services field, and to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"). See generally Gok I SAC.

### b.      Plaintiff's Gok II Second Amended Complaint

Plaintiff's Gok II Second Amended Complaint (ECF 102, "Gok II SAC") included forty-nine (49) pages of unsupported claims against the Post & Schell, P.C., Kate Kleba, Esquire, Cathy Mikus, Esquire (also a named defendant in Gok I SAC), the Derek Smith Law Group, PPLC, James Patrick Griffin, Esquire, Dr. Barbara Ziv, Alan J. Davis, Matthew Weisberg, Esquire, Reginald Allen, Esquire, Joshua Boyette, Esquire, Justin Swindler, Esquire, and Counsel Press. Gok II SAC.

Broadly speaking, Plaintiff alleged those Post & Schell Defendants committed legal malpractice and conspired to present falsified documents to this Court, to testify falsely before this Court during the Mercy litigation, to racketeer, to commit witness tampering, and to obstruct justice.  See generally Gok II SAC.

Plaintiff also alleged the Post & Schell Defendants, along with the Roman Catholic Church, the Archdiocese of Philadelphia, and Trinity Health intimidated Gok in violation of 18 U.S.C. § 1512, "committed violent crimes in aid of Racketeering activity, in the form of assault resulting in serious bodily injury, and threatening to commit a 'crime of violence'."  Gok II SAC at 11–14, 14 ¶ 88.  Plaintiff also alleged the Roman Catholic Church, Archdiocese of Philadelphia, and Trinity Health all conspired to commit wire fraud and to violate the RICO statute, even though these parties were never named defendants in Gok II.  Gok II SAC at 11–12, 15.

### c.        *This Court's Management of the Gok I and Gok II SACs*

In both Gok I and Gok II, Defendants, either individually or as groups, filed motions to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(6).  Plaintiff opposed some, though not all, of these motions.

On March 31, 2021, the Court ordered Defendants to file a reply brief in support of the motions but limited that reply brief "to Plaintiff's allegations based on federal law" without "discuss[ing] any of Plaintiff's allegations under state law." ECF 77.  Defendants did so.

April 30, 2021, this Court dismissed Plaintiff's federal claims with prejudice in both the Gok I and Gok II litigations. Gok I: ECF 90 & 91; Gok II: ECF Nos. 153 & 154 (collectively the "MTD Opinion"), also available at 2021 WL 1726650.  This Court reviewed all of Plaintiff's federal law claims: (1) RICO violations, against RCC and P&S defendants; (2) Sherman Act violations, against RCC only; (3) Clayton Act violations, against RCC only; and (4) violations of due process, against RCC and P&S defendants.  See generally MTD Op.  This Court dismissed Plaintiff's federal law claims with prejudice, rejecting Plaintiff's arguments to be, at times, "vague, inconsistent, . . . confusing," and "frivolous[]."  MTD Op. at 12–13, 16.

Despite receiving repeated warnings that she must adhere to pleading rules, and "two additional 'bites at the apple'" to do so, Plaintiff's allegations were insufficient to sustain her federal law causes of action.  MTD Op. at 14.  This Court noted that all of "Plaintiff's current claims stem from perceived wrongdoings throughout [the Mercy litigation]" (MTD Op. at 5) and that the Court agreed with Defendants' position that throughout Gok I and Gok II Plaintiff "'improperly' attempted to relitigate her failed claims in the prior [Mercy] action."  MTD Op. at 12.  This Court held Plaintiff's allegations were "not plausible, [we]re not supported by sufficient factual allegations, and [were unsupported by] Supreme Court or Third Circuit precedent."  MTD

Op. at 16.

After dismissing Plaintiff's Gok I and Gok II federal law claims, this Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims and dismissed them without prejudice.  MTD Op. at 16.

Plaintiff appealed the MTD Opinion in both actions.  See generally Gok I: ECF 94; Gok II: ECF 155.

C.     **The Pending Motion to Modify the Court's April 30, 2021 Order**

On May 14, 2021, the RCC and P&S Defendants jointly moved to modify the Court's April 30, 2021 MTD Opinion (ECF 97) pursuant to Rule 59(e). Gok I: ECF 97; Gok II: ECF 158 and 159 (collectively "Defendants' Motion")[4].  Defendants moved for, among other types of relief, this Court to exercise its authority pursuant to the All Writs Act, 28 U.S.C. § 1651, and PA. R. CIV. P. 233.1 to permanently enjoin Plaintiff from filing additional litigation regarding Plaintiff's employment at Mercy or the Mercy litigation against the Defendants (or any other person related to any Defendant) without prior permission from this Court.  Id.

On July 20, 2021, the Court granted in part and denied in part Defendants' Motion.  Gok I: ECF 106 & 107; Gok II: ECF 168 & 169.  The Court modified its April 30, 2021 MTD Opinion, which dismissed Plaintiff's state law claims *without* prejudice, to dismiss those state law claims *with* prejudice.  ECF 107.

The Court did not, however, rule on Defendants' request that the Court issue a permanent injunction against Plaintiff.  Instead, the Court ordered Plaintiff to show good cause why it should not issue such injunctive relief.  ECF 107.

On August 4, 2021, Plaintiff filed a "Response to this Honorable Court's Request."  Gok

---

[4] Defendants' motions to modify in Gok I and Gok II are substantively identical.

11

I: ECF 109; Gok II: ECF 172 (collectively "Plaintiff's Resp."). Plaintiff copied and pasted various case law regarding a motion for summary judgment, (Pl. Resp. at 1–9) and argued "Plaintiff's claims would normally survive, so Plaintiff's complaints and appeals present substantial questions." Pl. Resp. at 10, 17. Plaintiff also argued this Court lacks jurisdiction to "dismiss Plaintiff's 'motions and claims . . . filed after May 5, 2021, including Plaintiff'[s] and Defendants' motion to amend or modify." Pl. Resp. at 12.

Plaintiff again relitigated her <u>Mercy</u>, Gok I, and Gok II claims when she argued her "actions and appeals cannot be frivolous or malicious, since during the underlying [<u>Mercy</u>] litigation . . . Appellees-Defendants reported Plaintiff'[s] residency was terminated due to her 'lack of critical knowledge and competence,' and Defendants falsified the evidence and her residency evaluations to justify her wrongful termination." Pl. Resp. at 14; 14–17; 20–24.

Plaintiff also set forth arguments in opposition to this Court's MTD Opinion. Pl. Resp. at 17–24.

Plaintiff's only ascertainable arguments related to the proposed permanent injunction were:

> In Plaintiff's complaints this Honorable Court should consider the countervailing federal interests prevent the state law from being applied in federal court.
>
> . . . .
>
> Plaintiff, as a pro se litigant, is not alleging the same or related claims which the pro se plaintiff raises in a prior actions against the same or related defendants, and her previous claims have not been resolved pursuant to a written settlement agreement or a court proceeding.'

Pl. Resp. at 26.

12

### III.   PARTIES' CONTENTIONS

#### A.   Defendants' Arguments in Support of a Permanent Injunction

Defendants request this Court exercise its authority pursuant to the All Writs Act, 28 U.S.C. § 1651 and to PA. R. CIV. P. 233.1(c) to enjoin Plaintiff from filing any additional "abusive" *pro se* litigation against them.   Mot. at 10–11.   Defendants argue Plaintiff's incessant filing of "pointless" motions obviates the need for this injunction. Mot. at 11.   "Plaintiff has so thoroughly abused the privilege of self-representation in these cases that she should not be permitted yet another do-over."  Mot. at 12.

#### B.   Plaintiff's Arguments in Opposition to the Imposition of a Permanent Injunction

The only ascertainable argument Plaintiff made against the imposition of a permanent injunction pursuant to the All Writs Act or PA. R. CIV. P. 233.1 was, "[i]n Plaintiff's complaints this Honorable Court should consider the countervailing federal interests prevent the state law from being applied in federal court."  Pl. Resp. at 26.   Plaintiff also stated Gok I and Gok II do not "alleg[e] the same or related claims which the pro se plaintiff raised in a prior action against the same or related defendants, and her previous claims have not been resolved pursuant to a . . . court proceeding.[]"  Pl. Mot. at 26.

### IV.   JURISDICTION

As a general rule, a timely notice of appeal divests a district court of its jurisdiction over a case because the notice immediately confers jurisdiction upon the Court of Appeals.  Venen v. Sweet, 758 F.2d 117, 120 (3d Cir. 1985).   However, such a notice does not divest a district court from retaining its power to grant injunctions.  Id. at n.2 (citing FED. R. APP. P. 8).   Therefore, even though Plaintiff timely filed a notice of appeal (Gok I: ECF No. 94; Gok II: ECF No. 155), Plaintiff's notice did not divest this Court of its power to issue a permanent pre-filing injunction.

Id. at n.2 (citing FED. R. APP. P. 8).

## V.     LEGAL STANDARD

### A.     Permanent Injunction Standard

Pennsylvania Rule of Civil Procedure 233.1[5] and 28 U.S.C.A. § 1651(a)[6], the All Writs

Act, authorizes this Court to issue a permanent injunction precluding a party from filing abusive,

groundless and vexatious litigation.  In re Oliver, 682 F.2d 443, 445 (3d Cir. 1982); Brow v.

Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993).  This authority, however, remains constrained by

two basic tenets of the legal system: a litigant's right to due process of law and access to the courts.

Brow, 994 F.2d at 1038; Bush v. Phila. Police Dep't, 387 F. App'x 130, 133 (3d Cir. 2010).

Therefore, to issue a permanent injunction, against a pro se litigant, prohibiting the litigant from

filing future litigation without first receiving permission from the Court to do so, this Court:

(i)      "should not restrict a litigant from filing claims absent exigent circumstances, such

as a litigant's continuous abuse of the judicial process by filing meritless and

repetitive actions";

(ii)     "must give notice to the litigant to show cause why the proposed injunctive relief

should not issue"; and

(iii)    must "narrowly tailor" the scope of the injunctive order "to fit the particular

circumstances of the case before the District Court."

---

[5] PA. R. CIV. P. 233.1 authorizes this Court to, "[u]pon granting [a motion to dismiss a *pro se* litigant's action] and dismissing the action, the court may bar the *pro se* plaintiff from pursuing additional *pro se* litigation against the same or related defendants raising the same or related claims without leave of court."  PA. R. CIV. P. 233.1(c).

[6] 28 U.S.C.A. § 1651(a) provides, "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C.A. § 1651(a).

Brow, 994 F.2d at 1038 (3d Cir. 1993); Mina v. U.S.D. for E.D. Pa., 710 F. App'x 515, 518 (3d

Cir. 2017); Gagliardi v. McWilliams, 834 F.2d 81, 83 (3d Cir. 1987); In re Oliver, 682 F.2d at 446;

Kornafel v. Del Chevrolet, C.A. No. 20-cv-4991, 2021 WL 26969, at *2 (E.D. Pa. Jan. 4, 2021).

**B.      Discussion**

1.      Abuse of Judicial Process

"A continuous pattern of groundless and vexatious litigation can, at some point, support an

order against further filings of complaints without the permission of the court.'"  Gagliardi, 834

F.2d at 83; see also In re Oliver, 682 F.2d at 445–46 (litigiousness alone is insufficient to satisfy

the "pattern of groundless and vexatious litigation" requirement, but numerous claims "patently

without merit" are sufficient).

The recitation of Plaintiff's Gok I and Gok II litigation histories above provides a basis for

finding Plaintiff has abused judicial process.  In both Gok I and Gok II, Plaintiff repeatedly violated

the Federal Rules of Civil Procedure and the Local Rules of this Court by filing voluminous

pleadings, motions, and briefing all of which were unsupported by law and fact.

By way of further example, from November 13, 2020 to December 3, 2020, a period of

approximately three (3) weeks, Plaintiff filed seventeen (17) motions and other miscellaneous

filings.

One such filing was Plaintiff's Motion for Default Judgment (ECF 18) which was denied

(ECF 20) because the Clerk of Court had not entered a default against any Defendant in Gok I.

The following day, Plaintiff filed a "Request Court Clerk Enter Default Judgment" against "the

Roman Catholic Church, who has been defaulted for not appearing."  ECF 23.  Defendant

Archdiocese of Philadelphia responded in opposition arguing Plaintiff could not effectuate service

on the Roman Catholic Church, the Vatican City State, because Plaintiff's suit against and service

of Defendant Archdiocese of Philadelphia did not absolve Plaintiff of her obligation to properly

serve Defendant Roman Catholic Church, a wholly separate entity.  ECF 24.  Plaintiff responded

that she *did* properly serve the Roman Catholic Church by "serving the appropriate summons on .

. ., William Clark (security)", a security guard located near the Archdiocese of Philadelphia.  ECF

26 at 2–3.  In support of her argument that her service on Defendant Archdiocese effectuated

service on Defendant Roman Catholic Church, Plaintiff re-alleged the creation of the Vatican City

State, the leadership body of the Roman Catholic Church, that body's responsibility to implement

the Code of Canon Law over the archdioceses located in the United States, connections between

the Roman Catholic Church and archbishops, religious hospitals' revenues, and religious hospital's

reliance on government bond programs.  See generally ECF 26.  Every allegation contained in

Plaintiff's "Reply in Support of her Motion for the Clerk of Court to Enter a Default Judgment"

was unsupported by law, wholly irrelevant to the issue of service, and untethered to any factual

allegation in the Mercy litigation, Gok I, or Gok II.

Plaintiff filed additional meritless motions on December 3, 2020, when she filed three

motions for sanctions pursuant to FED. R. CIV. P. 11 arguing,

> Trinity Defendants and their Counsel acting with improper purpose,
> including but not limited to harass, cause unnecessary delay, or
> needlessly confuse the litigation, with the knowledge of the factual
> contentions together with evidentiary support.  Plaintiff respectfully
> requests this Honorable Court to order any other person currently or
> formerly affiliated with Trinity Defendants that relate hereby
> permanently enjoined from filing any claim, repeat the falsified
> claims, utilize the falsified documents, any claim made depending
> on the falsified evidence, and fashion to [the Mercy litigation] . . .
> against [Plaintiff].

ECF 37 at 6–7.

These two examples are two of many that comprise Plaintiff's pattern of abuse of judicial

process, and the Gok II record reflects this same pattern.  And although not a reason to implement

a permanent pre-filing injunction, it should be noted that all of Plaintiff's filings require both the attention and resources of Defendants to respond and of this Court.  See Nickelson v. Bush, C. A. No. 00-6170, 2001 WL 752667, at *3 (E.D. Pa. July 3, 2001), aff'd, 33 F. App'x 648 (3d Cir. 2002) (noting pro se plaintiff's initiation of "eight meritless lawsuits" in six and a half years "wasted the time of many federal judges, and . . . the filing of these [pro se] actions has subjected to unwarranted harassment the Government attorneys who are obliged to take them seriously and to respond to them.").  Plaintiff has repeatedly exhibited her propensity for filing documents that are substantively and procedurally violative of the Federal Rules of Civil Procedure and the Local Rules of this Court.  Plaintiff's pattern of groundless and vexatious litigation reflects her purposeful intent to ignore these rules, the orders of this Court, and highlights the need for this injunction to end Plaintiff's pattern of abuse of judicial process.

2.      Notice

A district court must give a litigant notice "to show cause why the proposed injunctive relief should not issue . . . [to] ensure the litigant is provided with the opportunity to oppose the court's order before it is instituted."  Brow, 994 F.2d at 1037 (citing Gagliardi, 834 F.2d at 81 and In re Oliver, 682 F.2d at 446).

This Court gave Plaintiff such notice.  See ECF 107 at 1 ("Plaintiff is ORDERED to show cause within fourteen (14) days as to why the Court should not enjoin her from filing any additional litigation against Defendants (or any other person related to any Defendant) related to her employment" at Mercy or related to the Mercy litigation).

On August 4, 2021, Plaintiff filed a Response to this Honorable Court's Request.  Gok I: ECF 109; Gok II: ECF 172.  Again, Plaintiff made no ascertainable argument against the imposition of this permanent injunction that was supported by law or fact.

3.      Narrowly Tailored

This Court's permanent injunction is narrowly tailored.  A district court's grant of

injunctive relief pursuant to FED. R. CIV. P. 65(d) is "narrowly tailored" if it provides a remedy

"that is 'no broader than necessary to provide full relief to the aggrieved plaintiff.'"  Benezet

Consulting LLC, et al., v. Sec'y Commw. of Pa., et al., No. 20-2976, 2022 WL 554045 (3d. Cir.

Feb. 24, 2022).  "Narrowly tailored means fitting the language of the injunction to the particular

circumstances of the case."  Hill v. Umpstead, 639 Fed. Appx. 60, 62 (3d Cir. 2016) (citing Brow,

994 F.2d at 1038).

The Third Circuit has found that a permanent pre-filing injunction is narrowly tailored

when it prohibits future filings against certain named defendants.  See Grossberger v. Ruane, 535

F. App'x 84, 87 (3d Cir. 2013) (ruling injunction limited to "non-prescreened motions or other

litigation documents" filed against the defendants named in the action was sufficiently narrowly

tailored).  The Third Circuit has also upheld injunctions against filings that seek relief previously

addressed and denied.  See Campbell v. Postmaster Gen. of the U.S., 845 Fed. Appx. 110, 112 (3d

Cir. 2021) (ruling a permanent filing injunction was sufficiently narrowly tailored when it applied

to future filings "seeking relief previously addressed and denied."); see also Abdul-Akbar v.

Watson, 901 F.2d 329, 333 (3d Cir. 1990) (holding a court may enter an injunction prohibiting a

pro se litigant from filing new claims without leave of court and without certifying the new claims

were not previously raised and disposed of on the merits by any federal court); but see Umpstead,

639 Fed. Appx. at 62 (ruling a district court's pre-filing injunction against "filing a future civil

action within the Middle District of Pennsylvania" without first receiving permission to do so from

a magistrate judge was not narrowly tailored).

This Court's permanent pre-filing injunction is narrowly tailored because it prohibits

18

Plaintiff from filing new civil actions against any of the named Defendants in Gok I and Gok II and from filing new civil actions related to the claims she already brought in the Mercy litigation. In order to file any new civil actions related to her Mercy claims, her Gok I and Gok II claims, or against a Mercy, Gok I, or Gok II Defendant, Plaintiff must first secure the permission of a federal district court.

## VI.    CONCLUSION

Although courts of this country are open and accessible to all, a litigant who abuses this accessibility should be enjoined from filing repeated filings in the future.  For the reasons set forth above, Defendants' Joint Motion to Modify the Final Judgment is **GRANTED**.  An appropriate Order follows.